

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

TOMMY LOYD PRATER, JR., #1462451          §

                                                    CIVIL ACTION NO. 4:09cv632
                                                    *Consolidated with* 4:09cv633,
                                                              4:09cv634,

VS.                              §                                          4:09cv635,
                                                              4:09cv636,
                                                              4:09cv637,
                                                              4:09cv638,
                                              and  4:09cv639

DIRECTOR, TDCJ-CID                        §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tommy Loyd Prater, Jr., an inmate confined in the Texas prison system, proceeding *pro se*, filed petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitions were referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Fannin County convictions.  He was convicted and sentenced to two twenty-year sentences for indecency with a child, five twenty-year sentences for sexual assault of a child, and one life sentence for aggravated sexual assault of a child.  *Texas v. Prater*,  Cause Nos. 21975, 21976, 21977, 21978, 219792, 21980, 22064, 22065.  A jury found him guilty of each charge.  On September 15, 2008, the Sixth Court of Appeals of Texas affirmed the convictions. *Prater v. State*, Nos. 06-07-00187-CR  - - 06-07-00194-CR (Tex. App.–Texarkana, Sept. 15, 2008,

1

pet. ref'd).   The Texas Court of Criminal Appeals (CCA)   refused Petitioner's petitions for discretionary review.  *Simmons v. State*, PDR Nos. 1573-08 -- 1580-08 (Tex. Crim. App. 2009).  The CCA also denied Petitioner's state writ applications without written order.  SHCR-01, at cover  - - SHCR-08, at cover.

Petitioner's convictions are based on his sexual and indecency actions performed on his children.   In the present petitions,  Petitioner alleges that he is entitled to relief based on five issues of ineffective assistance of counsel.  Specifically, he asserts that counsel was ineffective for failing to object (1) to the reasonable doubt definition in the jury charge, (2) to the prosecutor's failure to give a ten-day notice of intent to call outcry witnesses, and (3) to the prosecutor's introduction of extraneous offenses.  He also claims counsel was ineffective when he   (4) called Petitioner dysfunctional in his opening statement and (5) did not call Petitioner to testify.   The Government filed a Response, asserting that Petitioner's issues are without merit.  Petitioner did not file a Reply.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of a federal constitutional right.  *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991);  *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).  In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.  *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further

limited by the Antiterrorism and Effective Death Penalty Act of 1996.  The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997).  The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06.  A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*).  "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.  Rather, that application must be objectively unreasonable. *Id.* at 409.  The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

3

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).  A federal district court must be deferential to state court findings supported by the record.  *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003).  The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914  (2002); *see Williams*, 529 U.S. at 404.  A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits.  *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

<u>Ineffective Assistance of Counsel</u>

In each of his issues, Petitioner claims that his trial counsel was ineffective.

4

Legal Standard

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697.

Counsel's Opening Statement

Petitioner asserts that counsel was ineffective for calling him "dysfunctional" in his opening statement. However, a review of the record shows that counsel was referring to the entire Prater family as dysfunctional. Specifically, counsel said, "And prepare yourself, because the things that

5

– when you meet the Praters that might not have ever come into your realm of thought or might not – you might not be able to say that they were anything but dysfunctional." It appears that counsel was attempting to prepare the jury for some unpleasant testimony. Trial counsel's strategic choices are virtually unchallengeable after a thorough investigation into the law and relevant facts are made. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. Moreover, Petitioner failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. He has failed to show prejudice. He has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed.

Failure to Call Petitioner to Testify

Petitioner complains that counsel was ineffective for not calling him to testify. [C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony

6

is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984).  Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984).  Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

In the instant case, Petitioner asserts that trial counsel should have called him to testify.  A criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708 -10, 97 L. Ed.2d 37  (1987).  However, Petitioner  has not shown that he wished to testify and that counsel refused his request.  He also has not shown that the decision  not to call Petitioner to testify was not trial strategy.  Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Moreover, Petitioner has not shown what his testimony would have been had he testified. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. Petitioner also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  He has failed to show prejudice.

7

<u>Failure to Object</u>

A failure to object does not constitute deficient representation unless a sound basis exists for objection.  *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance).  Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy.  *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy.  *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2066.

<u>Analysis – Failure to Object to Jury Charge</u>

Petitioner asserts that trial counsel should have objected to the definition of reasonable doubt in the jury charge, based on *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). However, there was no definition of reasonable doubt in the jury charge.  Thus, any objection trial counsel would have advanced in this vein would have been frivolous.  Counsel cannot be held to be ineffective for failing to argue frivolous claims or make meritless objections.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Counsel has no duty to make meritless objections*. Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).  Furthermore, Petitioner also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the

proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  He has failed to show prejudice. He also has not shown that the state court proceedings resulted in  a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18;  *Childress*, 103 F.3d at 1224-25.

<u>Analysis - Failure to Object to Failure to Give Notice of Intent to Call Outcry Witness</u>

Petitioner next claims that trial counsel was ineffective for failing to object to the prosecution's failure to give a ten-day notice of intent to call  witnesses Tamara Morgan  and Nurse Judith Hart.  He claims that the defense was caught off guard by the introduction of their testimony. Specifically he states that such failure to receive notice "means counsel was unable to form a strategic defense."  However, Petitioner has failed to show that the defense was caught off guard by the witnesses' testimony, or that trial counsel was unable to form a strategic defense.  Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief.  *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

A review of the record shows that the defense was well acquainted with what would be the testimony of Tamara Morgan, Petitioner's sister.  In fact, the defense specifically asked the jury to pay close attention to her testimony, "I also want you to focus on [Petitioner's] sister, Tamara Morgan's testimony.  Tamara Morgan gave a very concise statement of what happened that evening after she outcried."    Additionally, Petitioner argued on appeal that Hart was not an outcry witness; thus, Petitioner's claim that the counsel's failure to object to the prosecution's failure to give notice of calling her as an outcry witness is conclusory and contradictory in nature.  Counsel has no duty

to make meritless objections.  *Clark*, 19 F.3d at 966.  Conclusory claims are insufficient to entitle

a habeas corpus petitioner to relief.  *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Furthermore, Petitioner also failed to prove that there is a reasonable probability that, but for

counsel's alleged unprofessional errors, the result of the proceeding would have been different.

*Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  He has failed to show prejudice either by Tamara

Morgan's or Judith Hart's testimony.  Petitioner also has not shown that the state court proceedings

resulted in  a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States, or that the decision

was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.  *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18;  *Childress*, 103 F.3d

at 1224-25.

Analysis - Failure to Object to the Introduction of Extraneous Offenses

Petitioner claims that counsel was ineffective for failing to object to the prosecution's

introduction of extraneous offenses.  However, the state gave notice of its intent to introduce

extraneous offense evidence, including the beating evidence of which Petitioner complains.  He has

also failed to show what was improper about the evidence.  Again, counsel has no duty to make

meritless objections*.  Clark*, 19 F.3d at 966.  Petitioner has failed to prove that there is a reasonable

probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would

have been different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  He has not shown prejudice.

Furthermore, Petitioner has not shown that the state court proceedings resulted in  a decision that was

contrary to, or involved an unreasonable application of, clearly established federal law, as determined

by the Supreme Court of the United States, or that the decision was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

## Conclusion

Petitioner has failed to show that any of his ineffective assistance of counsel issues have merit. Further, in each of his claims, he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is therefore recommended that the petition be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from

*de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.   *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 30th day of July, 2012.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE